Pfeifer, J.,
dissenting.
{¶ 90} Charter schools are a noble idea. In theory, they rescue children from broken urban school districts and educate them in smaller settings, similar to private schools, where families can have direct ownership in their child’s education. Unfortunately, the consensus is that the theory has miserably failed to meet the expectations, whether because of flawed legislation, ineffective management, structural defects in the for-profit school model, unmotivated students, or any number of other plausible reasons.
{¶ 91} This case could be little more than an academic exercise because one can only assume that much of the furniture, computers, and other educational and instructional materials at issue are now obsolete, untraceable, lost, or converted to other uses. Even so, the lead opinion is wrong on the merits. The key contract language is not nearly so dispositive as the opinion suggests. The contract states, among other things, that “the Company shall purchase on behalf of the School any furniture, computers, software, equipment, and other personal property which, by the nature of the funding source, must be titled in the School’s name.”
*54 Dinsmore & Shohl, L.L.P., Karen S. Hockstad, and Gregory P. Mathews; and Shumaker, Loop & Kendrick, L.L.P., James D. Coiner, and Adam M. Galat, for appellants.
Barnes & Thornburg, L.L.P., C. David Paragas, Kevin R. McDermott, and Amy Ruth Ita, for appellees.
Ulmer & Berne, L.L.P., and Donald J. Mooney Jr., urging reversal for amicus curiae Ohio School Boards Association.
Benesch, Friedlander, Copian & Aronoff, L.L.P., Martha J. Sweterlitsch, and Katherine Freeh, urging affirmance for amici curiae LeadingAge Ohio, Ohio Association of Community Action Agencies, Ohio Association of Nonprofit Organizations, and Ohio Community Corrections Association.
{¶ 92} The lead opinion has chosen to read this sentence in a way that supports the position of the companies. But that reading is not required by the language. The opinion reads the sentence such that the only items that must be titled in the school’s name are those items that are required to be so titled by the funding source. That reading of the sentence is overly restrictive, ignores the fact that the companies had a fiduciary responsibility to the schools, and does not promote the intention of the parties, or in any event, not the intention of the schools.
{¶ 93} A better reading of this key sentence subordinates the significance of “by the nature of the funding source.” This is not a restrictive term; it is more in the nature of an aside. With this understanding, the sentence essentially states that assets purchased on behalf of the school must be titled in the school’s name because of the nature of the funding source.
{¶ 94} Moreover, the contracts in this case are plainly and obviously unconscionable. In effect, the contracts call for the public to give money to a company to buy materials for the company to use on the public’s behalf to operate a public school. The contracts require that after the public pays to buy those materials for a public use, the public must then pay the companies if it wants to retain ownership of the materials. This contract term is not merely unwise as the lead opinion would have us believe; it is extremely unfair, so unfair, in fact, as to be unconscionable. Black’s Law Dictionary 1757 (10th Ed.2014). The contract term is so one-sided that we should refuse to enforce it.
{¶ 95} Methinks the opinion doth protest too much, going out of its way to support the insupportable. To all but those of an unduly legalistic bent, the conclusion reached by the lead opinion is antithetical to common sense.
*55 Day Ketterer Ltd., Robert J. McBride, Maria L. Markakis, and Kristen S. Moore, urging affirmance for amicus curiae Summit Academy Management, L.L.C.
Jones Day, Chad A. Readier, and Kenneth M. Grose, urging affirmance for amicus curiae Ohio Coalition for Quality Education.